UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB ANDREW FOUTS,

    Plaintiff,

    v.   CAUSE NO. 3:23-CV-1111-PPS-APR

WABASH COUNTY JAIL, et al.,

    Defendants.

## OPINION AND ORDER

Jacob Andrew Fouts, a prisoner without a lawyer, filed an amended complaint. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fouts is suing because he did not receive the insulin he needs to control his diabetes when he was housed at the Wabash County Jail for two brief periods in October and November 2023. He is suing Wabash County Jail, Wabash County Sheriff, Wabash County Jail Commander Ashley, Wabash County Assistant Jail Commander, an unknown officer in charge of the day shift, unknown nursing staff, and an unknown doctor.

Fouts was an inmate at the Westville Correctional Facility on Friday, October 27, 2023, when he was picked up by a Wabash County Sheriff's Deputy to be transported to the Wabash County Jail for court the following Monday at 1 p.m. During the booking process, Fouts answered medical questions and told the booking officer that his insulin dose had changed from 18 units to 22 units twice daily since he had last been housed at the jail. The booking officer said their computer still showed that Fouts takes insulin daily, and the officer would notify the nursing staff that Fouts was back at the jail and would need insulin.

That evening, he was escorted to a recreation pad. The night shift workers told Fouts that the nurse had not issued a medical sheet for staff to give Fouts his nightly dose of insulin. He spent the night in the recreation pad.[1] He did not receive his insulin that night or in the morning before court. When court was over, he was transported back to the Westville Correctional Center, where he received his insulin. However, he needed to be seen by urgent care due to side effects from not getting his insulin. Fouts does not describe the side effects that caused him to seek medical care.

On Friday, November 16, 2023, Fouts was transferred back to the Wabash County Jail because a sentencing hearing was scheduled for Monday, November 19, 2023. When the deputy sheriff arrived to transport Fouts, he explained the problems he

---

[1] Fouts also notes that he did not have access to running water, a toilet, or a blanket where he was held the first night. The constitution does not require that pre-trial detainees have access to running water and a restroom around the clock; it requires that they have reasonable access to water and restroom facilities. This brief deprivation does not implicate constitutional concerns. Furthermore, Foust has not indicated which defendant is responsible for subjecting him to these conditions. Therefore, I cannot allow Fouts to proceed on these claims.

had the last time he was transported to the jail. Staff at Westville Correctional Facility notified the deputy sheriff that Fouts had his morning dose of insulin and would not need more insulin until evening. Fouts asked the deputy sheriff to take a copy of his medical sheet to the medical unit The deputy sheriff indicated he would message medical staff at the jail to notify them of Fouts' medication needs.

When he arrived at the jail, he again went over his medical issues with a booking officer. The officer said he would let the nursing staff know about his insulin needs. Shortly after booking, Jail Commander Ashley talked with Fouts. They discussed the problems with his insulin on his last stay and she said she would notify the nursing staff of his medical needs.

After almost two days with no insulin, Fouts' family notified his attorney about the problem. On November 18, 2024, Jail Commander Ashley talked with him about the problems with his insulin, indicating it was out of her hands; she could not give Fouts insulin without a medical sheet. Fouts asked her to contact Westville Correctional Facility to get it, but Ashley said that is not how it works.

That same evening, Fouts asked to speak with the officer in charge. He indicated he did not feel good and asked to be taken to the emergency room. The officer in charge made a phone call and then told Fouts that they couldn't do that. Fouts attended court on Monday, November 19, 2023. His attorney asked Officer Wilcox[2] why Fouts wasn't getting his insulin and Officer Wilcox indicated that it was a medical issue, and he

---

[2] Officer Wilcox was not named as a defendant in the amended complaint.

could not do anything about it. Fouts was transported back to the Westville Correctional Facility on November 21, 2023. At that point, it had been six days since Fouts had received insulin. He was taken to the nurse's station and given insulin immediately.

As a pretrial detainee, Fouts is entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to Foust's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 562, 572 (7th Cir. 2024). Whether a defendant is provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Here, Fouts alleges that he spoke with Jail Commander Ashley shortly after he was booked into the jail on November 16, 2023, and again on November 18, 2023, when he had been without insulin for two days. She simply said she couldn't provide insulin

4

without a medical slip. It can plausibly be inferred from these allegations that Jail Commander Ashley's actions (or inactions) were objectively unreasonable. Therefore, I will permit Fouts to proceed against her on this claim.

Fouts also alleges that, later on November 18, 2023, he talked with the officer in charge and asked to be taken to the emergency room. In response, the officer made a call and indicated that they could not do that. It can likewise be inferred that the officer's response to Fouts' medical needs was objectively unreasonable. Therefore, I will also permit Fouts to proceed against the officer in charge that he spoke with on November 18, 2023, when he had already been without his insulin for two days.

Fouts has also sued the Wabash County Sheriff, Wabash County Assistant Jail Commander, nursing staff, and the facility doctor. Fouts does not describe any interactions with these individuals. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Therefore, he has not stated a claim against the sheriff, assistant jail commander, unidentified nursing staff, or an unidentified doctor. If, during the discovery process, Fouts learns that any particular individual was directly involved in denying him medical care, he may be able to amend his complaint to add them, but the allegations in the amended complaint are insufficient to allow him to proceed against these individuals. However, because Fouts does not know the name of the officer in charge he spoke with on November 19, 2023, the Wabash County Sheriff will remain a defendant for purposes of identifying this individual.

5

Finally, Fouts has sued the Wabash County Jail. He cannot proceed against the Wabash County Jail because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Jacob Andrew Fouts leave to proceed against Jail Commander Ashley in her individual capacity for compensatory and punitive damages for an objectively unreasonable response to Fouts' medical needs while he was housed at the Wabash County Jail between November 16, 2023, and November 21, 2023, in violation of the Fourteenth Amendment;

(2) GRANTS Jacob Andrew Fouts leave to proceed against the unknown Officer in Charge that he spoke with at the Wabash County Jail on November 18, 2023, in his individual capacity for compensatory and punitive damages for an objectively unreasonable response to Fouts' medical needs, in violation of the Fourteenth Amendment;

(3) GRANTS Jacob Andrew Fouts leave to proceed against the Wabash County Sheriff in his official capacity only for the purpose of identifying the unknown officer in charge that Fouts spoke to on November 18, 2023, regarding his medical needs;

(4) DISMISSES all other claims;

(5) DISMISSES Wabash County Jail Assistant Commander, Wabash County Jail Nursing Staff, Wabash County Jail facility doctor, and Wabash County Jail;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Wabash County Jail Commander Ashley and Wabash County Sheriff at the Wabash County Sheriff's Department, with a copy of this order and the amended complaint (ECF 14);

(7) WAIVES the Wabash County Sheriff's obligation to file an answer to the amended complaint;

(8) ORDERS the Wabash County Sheriff to appear and identify the first and last names of the officer in charge that Fouts spoke with about his medical care on November 18, 2023, before **December 19, 2024**, or show cause why he is unable to do so;

(9) ORDERS the Wabash County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Wabash County Jail Commander Ashley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  November 4, 2024.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT